UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

RICHARD LAMAR BURKHART,                :         Case No. 05-28300REF
         *Debtor(s)*
                                        :

                                        :

**ORDER**

AND NOW, this    12th   day of April, 2006, upon consideration of the Trustee's Objection to Debtor's claim of exemptions, the Debtor's Response thereto, and the post-hearing briefs filed by the parties, and after hearing held on March 2, 2006, it is ORDERED that the Trustee's Objection to Debtor's claim of exemptions is SUSTAINED and the Court finds that Debtor may not exempt property held jointly by himself and his non-debtor spouse as tenants by the entireties to the extent that joint debts are owed to creditors by both Debtor and his non-debtor spouse. Napotnik v. Equibank Parkvale Sav. Ass'n, 679 F.2d 316, 319-21 (3d Cir. 1982); Cech v. Maloney (In re Maloney), 146 B.R. 168, 171-72 (Bankr. W.D. Pa. 1992); Garafano v. Trustees of Amalgamated Ins. Fund (In re Garafano), 99 B.R. 624, 634-35 (Bankr. E.D. Pa. 1989).[1]  Debtor's

---

1. Debtor purports to exempt the residence he shares with his wife, as well as many items of personal property, under 11 U.S.C. §522(b)(2)(B),on the basis that these assets are exempt from process under Pennsylvania law because they are owned jointly with his wife as tenants by the entireties. As the Trustee correctly points out, however, a debtor may not exempt property held as tenants by the entireties under section 522(b)(2)(B) to the extent that joint debts exist that are owed to creditors by the debtor and his spouse. Napotnik v. Equibank Parkvale Sav. Ass'n, 679 F.2d 316, 319-21 (3d Cir. 1982); Cech v. Maloney (In re Maloney), 146 B.R. 168, 171-72 (Bankr. W.D. Pa. 1992); Garafano v. Trustees of Amalgamated Ins. Fund (In re Garafano), 99 B.R. 624, 634-35 (Bankr. E.D. Pa. 1989). Here, Debtor's Schedules indicate that Debtor and his non-debtor spouse are jointly liable for the following debts: *(1)* Chase Home Finance, *(2)* Citizen's Bank, *(3)* Internal Revenue Service, and *(4)* Lancaster County Tax Claim Bureau. Therefore, the Trustee's objection to Debtor's claim of an exemption in the property owned as tenants by the entireties must be

plea to us to exercise our equitable power under Section 105, 11 U.S.C. §105, must fall in the face of the clear precedent we face.

        BY THE COURT

        _____
        RICHARD E. FEHLING
        United States Bankruptcy Judge

---

sustained to the extent of these joint debts and of any other joint debts that might exist for which a proof of claim is filed by the bar date.